IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| JOHN SAMPLE | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | _____ |
| | § | |
| | § | |
| ILLINI STATE TRUCKING CO. | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff John Sample, complaining of Defendant Illini State Trucking Co., would show as follows:

### Parties

1.     Plaintiff was employed by Defendant in Midland, Texas beginning on October 2017 and ending on October 1, 2018.

2.     Defendant is a limited liability company and may be served through its registered agent for service in Texas, Incorporating Services, Ltd, 3610-2 N. Josey, Suite 223, Carrollton, Texas 75007, or, through the Secretary of State of Texas, at its home office at 7020 Cline Avenue, Hammond, Indiana 46323-2502.

### Jurisdiction and Venue

3.     Subject matter jurisdiction of this Court over this action exists under 28 U.S.C. §1331 based on Plaintiff's federal claim under 29 U.S.C. §201 et seq., the Fair Labor Standards Act (the "FLSA"). Venue is proper.

COMPLAINT - Page 1

Facts

4.      Defendant, among other things, delivers sand at oil and gas drill sites, including in Texas.

5.      Plaintiff was initially employed by Defendant on October 1, 2017 as an hourly employee holding the title of dispatcher, but was October 28, 2017 transferred to the position of logistics coordinator at a purported salary of $70,000, but misclassified as an exempt position although not a salaried professional, administrative or executive position under the FLSA.

6.      From October 28, 2017 through October 1, 2018, Plaintiff worked in his logistics coordinator position approximately 12 hours per day seven days a week and also performed on-call work after his regularly scheduled hours, leading to total hours of work averaging 16 hours per day, except for a single week of vacation in March 2018.

7.      Plaintiff should have been paid overtime compensation for a number of hours averaging 16 hours per day, or 72 hours per week, over 40, for each workweek in his logistics coordinator position between October 28, 2017 and October 1, 2018.

8.      Defendant's failure to pay Plaintiff overtime compensation during the period specified in paragraph 7 was willful and Defendant lacked a good faith reasonable belief that Plaintiff was an exempt employee under the FLSA.

Cause of Action

9.      For cause of action, Plaintiffs would show that Defendant is liable under Section 216(b) of the FLSA for overtime compensation due but not paid Plaintiff in violation of Section 207(a)(1)(C) of the FLSA, liquidated damages, prejudgment interest and attorneys' fees and expenses and costs of court.

COMPLAINT - Page 2

10.     Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which they may be entitled.

Respectfully submitted,

 /s/Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0831
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF